The opinion of the Court was delivered by
Withers, J.
We shall consider only the ground upon which the plaintiff was subjected to nonsuit: to wit, that he described himself, in his writ and in the recitation thereof in the counts of his declaration, as the assignee of Ellen W. Cook, whereas the evidence showed that the bond was sold to him after Ellen W. Cook had married Eourgeaud, and that it was assigned to him by Eourgeaud and wife, Ellen W. It is to be observed, that the plaintiff did not aver, that the assignment *290 had been made by Ellen W. Cook, but his averment was thus: “ and the said bond was afterwards duly assigned to the said plaintiff.”
It is declared in the preamble of the Act of 1798, (5 Stat. 330,) that assignees of bonds, &c., were put to great inconvenience by the law which compelled them to bring suits in the name of the obligees in the same; wherefore it was enacted, that such assignee might bring any appropriate action in his own name, “ styling hiipself in the writ to be issued, the assignee of the obligee.” Many actions have been brought and judgments recovered in the name of th§ obligee of bonds, notwithstanding the same were assigned, and it seems probable, that the Act contemplated only cases where the obligee was alive, and where, consequently, before that Act, the action was necessarily to be in his name.
The Act of 1798, is imperative in directing that one, in the circumstances of this plaintiff, shall style himself in his wril, assignee of the obligee. He has complied literally with the Act. In legal contemplation he is the assignee of Ellen W. Cook; that is, her legal interest in the bond has been assigned to him, and she was, and is, the obligee thereof. She actually joined in the transfer, and the act of her husband in also joining, served only, in a legal view, to estop him in any assertion of marital right, and to manifest his acquiescence in the authority, which she exercised in assigning the bond as obligee of the same. The husband should have joined, or have authorized the transfer, to maintain the allegation, that the bond was “ duly .assigned to the said plaintiff.” It thus appears, that the plaintiff was the assignee of the legal right of Ellen W. Cook, by virtue of an act performed by her in conjunction with another who had acquired an interest, but not separate and independent of her, and the assignment was of the same interest of the same obligee, though she had acquired a new appellation by marriage.
*291 We think the mode of averring the assignment was quite sufficient, and indeed it is prudently advised by Mr. Chitty.
The judgment of this Court is, that the nonsuit be set aside and a new trial ordered.
O’Neall, Whither and Glover, JJ., concurred.
Wardlaw, J., absent.

Motion granted.